UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN THAT LUONG, et al.,<br><br>        Defendants. | CIV. NO. 2:96-350 WBS<br><br>ORDER RE: MOTIONS TO DISMISS SUPERSEDING INDICTMENT |

----oo0oo----

Defendants John That Luong, Ping Sherry Chan, Paul Minh Chan, and Lisa Le Chan move to dismiss the charges against them in the Superseding Indictment for violation of the Speedy Trial Act.

"The Speedy Trial Act provides that trial shall commence no later than seventy days from indictment or first appearance in court, whichever is later, unless time is excluded from the calculation for various reasons such as filing and deciding pretrial motions." United States v. Chen Chiang Liu, 631 F.3d 993, 996 n.2 (9th Cir. 2011); see 18 U.S.C. §

1

1  3161(c)(1). If a defendant is not brought to trial within the
2  time required by the Speedy Trial Act, "the information or
3  indictment shall be dismissed on motion of the defendant."  18
4  U.S.C. § 3162(a)(2). (Emphasis added.)
5         The Indictment in this case was filed almost nineteen
6  years ago, with the Superseding Indictment filed almost seventeen
7  years ago.  There has been no finding of excludable time since
8  2007.  Under these circumstances, the Speedy Trial Act cries out
9  for dismissal.  The court, however, is required to go further and
10 to determine whether the dismissal should be with or without
11 prejudice.  See United States v. Taylor, 487 U.S. 326, 336
12 (1988).
13        "In determining whether to dismiss the case with or
14 without prejudice, the court shall consider, among others, each
15 of the following factors: the seriousness of the offense; the
16 facts and circumstances of the case which led to the dismissal;
17 and the impact of a reprosecution on the administration of this
18 chapter and on the administration of justice."  18 U.S.C. §
19 3162(a)(2). ; see also United States v. Medina, 524 F.3d 974, 981
20 (9th Cir. 2008) ("If the defendant carries this burden, the
21 indictment 'shall be dismissed,' and the district court must then
22 consider whether to dismiss the case with or without prejudice. .
23 . . A court abuses its discretion if it 'failed to consider all
24 the factors relevant to the choice' and the 'factors it did rely
25 on were unsupported by factual findings or evidence in the
26 record.'" (quoting Taylor, 487 U.S. at 344)).
27        First, the court considers the crimes of money
28 laundering in violation of 18 U.S.C. §§ 1956 and 1957 charged in

the Superseding Indictment to be serious offenses.  Second, the facts and circumstances which led to the dismissal are simply as outlined above.  The case was allowed to lie dormant for almost 19 years, with no finding of excludable time for at least the last eight of those years.  To say what went on behind the scenes beyond that would be no more than speculation or hearsay.  The court can be no more specific in its finding than that.  Third, the court cannot discern what prejudice would occur to the government from a dismissal with prejudice, as it is difficult to imagine how these charges could be refiled without running afoul of the statute of limitations.  The court fails to see how dismissal of this matter without prejudice would assist the victims as argued by the United States Attorney.

        IT IS THEREFORE ORDERED that the charges against John That Luong, Ping Sherry Chan, Paul Minh Chan, and Lisa Le Chan in the Superseding Indictment in this case be, and the same hereby are, DISMISSED WITH PREJUDICE.

Dated:  February 26, 2015

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE